1

2

3            **UNITED STATES DISTRICT COURT**

4           **NORTHERN DISTRICT OF CALIFORNIA**

5                  **SAN JOSE DIVISION**

6

7    ROY WITTBECKER, on behalf of himself,     Case No.  20-cv-06217-BLF
    and all others similarly situated, and the

8    general public,

9            Plaintiff,            **ORDER GRANTING PLAINTIFF'S**
                                 **MOTION TO REMAND**

10        v.                 [Re: ECF 19]

11    CUPERTINO ELECTRIC, INC., a
    Delaware corporation; and DOES 1 through

12    50, inclusive,

13           Defendants.

14

15       Plaintiff Roy Wittbecker brings this putative class action against Defendant Cupertino

16 Electric, Inc. and Does 1 through 50, inclusive ("collectively referred to as Defendants") for

17 alleged violations of the Fair Credit Reporting Act (the "FCRA") and similar California laws. *See*

18 Ex. A to Notice of Removal ("Compl."), ECF 1. Defendant removed the action to this Court on

19 the ground that Plaintiff's claim for relief invokes federal law and thus federal jurisdiction is

20 established per 28 U.S.C. § 1331. Notice of Removal 2, ECF 1. Before the Court is Plaintiff's

21 Motion to Remand to state court. Mot., ECF 19. Pursuant to Civil Local Rule 7-1(b), the Court

22 finds that this motion is appropriate for determination without oral argument, and the July 8, 2021

23 hearing is VACATED. For the reasons stated below, the Court GRANTS Plaintiff's Motion and

24 REMANDS the case to the Superior Court of California, Santa Clara County.

25    **I.     BACKGROUND**

26       Plaintiff alleges that he was employed by Defendant from approximately March 6, 2019

27 until July 8, 2019. Compl. ¶ 21. When Plaintiff applied for employment, Defendant performed a

28 background investigation on him. *Id.* ¶ 22. According to Plaintiff, Defendant failed to provide

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1    legally compliant disclosure and authorization forms to Plaintiff and the putative class. *Id.* ¶ 23.

2    Plaintiff further alleges that Defendant routinely acquires consumer, investigative consumer,

3    and/or consumer credit reports (collectively "credit and background reports") to conduct

4    background checks on Plaintiff and other prospective, current, and former employees and uses

5    information from credit and background reports in connection with its hiring process without

6    providing proper disclosures or obtaining proper authorization in compliance with the FCRA.

7    Compl. ¶ 2.

8         Plaintiff alleges that Defendant's "credit and background reports" are "consumer reports"

9    within the meaning of section 1681a(d)(1) of the FCRA. Compl. ¶ 35. Plaintiff further alleges that

10   Defendant's "credit and background reports" violated Section 1681b(b)(2)(A) of the FCRA, which

11   establishes the conditions upon which employers may furnish and use consumer reports—

12   specifically, requiring the employer to provide "[a written] clear and conspicuous disclosure" that

13   "consists solely of the disclosure" and receive a written authorization from the prospective

14   employee. *See* Compl. ¶ 37 (citing 15 U.S.C.A. § 1681b(b)(2)(A)'s "standalone requirement").

15   According to Plaintiff, Defendant's disclosures violated the FCRA because they "are embedded

16   with extraneous information, and are not clear and unambiguous disclosures in stand-alone

17   documents." *Id.* ¶ 41.

18        Plaintiff alleges two instances of "extraneous information" in the disclosures in violation

19   of the stand-alone disclosure requirement of FCRA. First, the disclosures that Plaintiff received

20   included state-specific disclosure applicable to California, Massachusetts, Minnesota, and

21   Oklahoma applicants or employees. Compl. ¶ 23. Second, Defendant required a "liability release"

22   in the disclosure form, which the Federal Trade Commission ("FTC") has found to be in violation

23   of the FCRA § 1681b(b)(2)(A). *See* Compl. ¶¶ 45, 48. Plaintiff alleges that Defendant acted "in

24   deliberate or reckless disregard of their obligations and the rights of applicants and employees"

25   because (1) Defendant is a large corporation with access to legal advice; (2) Defendant requires

26   authorization to perform credit and background checks in its employment application process; (3)

27   the statute's language is clear as to the requirements for the disclosures; and (4) the FTC statement

28   regarding impermissibility of "liability waiver" in disclosures predates Defendant's conduct. *Id.* ¶

United States District Court
Northern District of California

1    47.

2        As a result of Defendant's "unlawful procurement of credit and background reports by way

3    of their inadequate disclosures," Plaintiff alleges that Plaintiff and other similarly situated

4    individuals were injured by, "having their privacy and statutory rights invaded in violation of the

5    FCRA." Compl. ¶ 51. Accordingly, Plaintiff seeks to recover "statutory damages and/or actual

6    damages, punitive damages, injunctive and equitable relief and attorneys' fees and costs." *Id.* ¶ 52;

7    *see also* Prayer for Relief.

8        On July 27, 2020, Plaintiff filed this putative class action against Defendant in the Superior

9    Court of California, Santa Clara County. *See* Compl. The Complaint alleges nine causes of action:

10   (1) violation 15 U.S.C. §§ 1681b(b)(2)(A) of the FCRA; (2) failure to provide meals under Lab.

11   Code §§ 204, 223, 226.7, 512, 1198; (3) failure to provide rest periods under Lab. Code §§ 204,

12   223, 226.7, 1198; (4) failure to pay hourly wages under Lab. Code §§ 223, 510, 1194, 1194.2,

13   1997.1, 1198; (5) failure to pay vacation wages under Lab. Code § 227.3; (6) failure to indemnify

14   under Lab. Code § 2802; (7) failure to provide accurate written wage statements under Lab. Code

15   § 226(a); (8) failure to timely pay all final wages under Lab. Code §§ 201, 202, 203; and (9) unfair

16   competition under Bus. & Prof. Code §§ 17200 *et seq. Id.* On September 2, 2020, Defendant

17   removed this action to Federal Court because Plaintiff brought a federal claim arising under the

18   FCRA. *See* Notice of Removal.

19       Plaintiff moves this Court to remand this action to California state court because there is no

20   Article III standing since the background check claims brought by Plaintiff under the Fair Credit

21   Reporting Act "does not assert that he incurred any economic or otherwise concrete injury as

22   required for Article III's standing and federal court jurisdiction." Mot. 2-3. Plaintiff requests this

23   Court refuse to exercise supplemental jurisdiction over the remaining state law claims in the

24   interest of judicial economy, convenience, fairness, and comity. Mot. 2.

25   **II.   LEGAL STANDARD**

26        **A.   Removal**

27       "A suit may be removed from state court to federal court only if the federal court would

28   have had subject matter jurisdiction over the case." *Orpilla v. Schenker, Inc.*, No. 19-CV-08392-

3

United States District Court
Northern District of California

1    BLF, 2020 WL 2395002, at *2 (N.D. Cal. May 12, 2020); 28 U.S.C. § 1441(a); *see Caterpillar*

2    *Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have

3    been filed in federal court may be removed to federal court by the defendant."). If it appears at any

4    time before final judgment that the federal court lacks subject matter jurisdiction, the federal court

5    must remand the action to state court. 28 U.S.C. § 1447(c).

6         The party seeking removal bears the burden of establishing federal jurisdiction. *Provincial*

7    *Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal

8    statute is strictly construed, and any doubt about the right of removal requires resolution in favor

9    of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citation

10   omitted).

11        When the Court determines that it lacks subject matter jurisdiction over an action that has

12   been removed to federal court, the Court must remand the case to state court. *Polo v. Innoventions*

13   *Int'l LLC,* 833 F.3d 1193, 1196 (9th Cir. 2016) ("Remand is the correct remedy because a failure

14   of federal subject-matter jurisdiction means only that the federal courts have no power to

15   adjudicate the matter. State courts are not bound by the constraints of Article III.")

16   **B.    Article III Standing**

17        "In *Spokeo*, the Supreme Court reaffirmed that to have Article III standing, a plaintiff must

18   have '(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the

19   defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" *Orpilla*, 2020

20   WL 2395002, at *2; *see Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v.*

21   *Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). Here, for the purposes of this Motion, neither

22   party disagrees that Plaintiff has alleged facts showing that the alleged statutory violations of the

23   FCRA are traceable to Defendant's conduct, and that the alleged violations are redressable by

24   statutory damages. Appropriately, the remainder of the discussion on the standing issue is

25   addressed solely to the requirement of injury in fact.

26        To establish injury in fact, a plaintiff must have suffered "'an invasion of a legally

27   protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or

28   hypothetical.'" *Spokeo*, 136 S. Ct. at 1548 (citing *Lujan*, 504 U.S. at 560). To be "particularized,"

4

United States District Court
Northern District of California

1   an injury "must affect the plaintiff in a personal and individual way." *Spokeo*, 136 S. Ct. at 1548

2   (citing *Lujan*, 504 U.S. at 560 n.1). The Supreme Court in *Spokeo* distilled several "general

3   principles" from its prior cases with respect to concreteness. *Spokeo*, 136 S. Ct. at 1550. A

4   concrete injury is one that is "'real,' and not 'abstract.'" *Id.* at 1548 (citation omitted). Tangible

5   injuries plainly satisfy this requirement. *Id.* at 1549. Nonetheless, intangible injuries may also be

6   concrete. *Id.* In evaluating whether an intangible injury satisfies the "concreteness" requirement,

7   the *Spokeo* Court identified two important considerations: (1) "whether an alleged intangible harm

8   has a close relationship to a harm that has traditionally been regarded as providing a basis for a

9   lawsuit in English or American courts" and (2) the judgment of Congress, which "'has the power

10  to define injuries and articulate chains of causation that will give rise to a case or controversy

11  where none existed before.'" *Id.* (quoting *Lujan*, 504 U.S. at 580 (Kennedy, J., concurring in part

12  and concurring in judgment)).

13          The Supreme Court then explained the connection between statutory standing and concrete

14  injury. First, the Court clarified that "Article III standing requires a concrete injury even in the

15  context of a statutory violation[.]" *Spokeo*, 136 S. Ct. at 1549. (citing *Summers v. Earth Island

16  Inst.*, 555 U.S. 488, 496 (2009)). Therefore, "[a plaintiff] could not, for example, allege a bare

17  procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement

18  of Article III." *Spokeo*, 136 S. Ct. at 1549. At the same time, the Supreme Court observed, in cases

19  where "harms may be difficult to prove or measure[,]" "the violation of a procedural right granted

20  by statute can be sufficient ... [and] a plaintiff in such a case need not allege any additional harm

21  beyond the one Congress has identified." *Id.* (citing *FEC v. Akins*, 524 U.S. 11, 20-25 (1998);

22  *Pub. Citizen v. Dep't of Justice*, 491 U.S. 440, 449 (1989)). The Supreme Court noted that

23  although one of the FCRA's purposes is to protect against inaccurate credit reporting, "not all

24  inaccuracies cause harm or present any risk of harm." *Spokeo*, 136 S. Ct. at 1550.

25  **III.    DISCUSSION**

26          **A.    Request for Judicial Notice**

27          The Court may take judicial notice of documents referenced in the complaint and matters

28  in the public record. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001),

United States District Court
Northern District of California

1   *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125-26 (9th

2   Cir. 2002). Additionally, the Court may take judicial notice of matters that are either "generally

3   known within the trial court's territorial jurisdiction" or "can be accurately and readily determined

4   from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Public

5   records, including judgments and other court documents, are proper subjects of judicial notice.

6   *See, e.g.*, *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). However, "[j]ust because

7   the document itself is susceptible to judicial notice does not mean that every assertion of fact

8   within that document is judicially noticeable for its truth." *Khoja v. Orexigen Therapeutics, Inc.*,

9   899 F.3d 988, 999 (9th Cir. 2018).

10      In support of its opposition to Plaintiff's Motion, Defendant requests that the Court take

11   judicial notice of a document called "A Summary of Your Rights Under the Fair Credit Reporting

12   Act," which is a publication of the Consumer Financial Protection Bureau, currently available at

13   https://files.consumerfinance.gov/f/201504_cfpb_summary_your-rights-under- fcra.pdf. *See*

14   Defendant's Request for Judicial Notice, Ex. A., ECF 21-1. Plaintiff has not objected to

15   Defendant's request. Because these documents are public records, the Court GRANTS

16   Defendant's request and takes judicial notice of Exhibit A at ECF 21-1.

17   **B.   Article III Standing**

18      Plaintiff moves to remand this case to state court on one ground: relying on *Spokeo*,

19   Plaintiff argues that "while the complaint contains claims under the Federal Fair Credit Reporting

20   Act, there is no subject matter jurisdiction over those claims because there is no Article III

21   standing." Mot. 5. In response, Defendant argues that Plaintiff has Article III standing because he

22   suffered a concrete injury when "(1) he expressly alleges – in his own words – that he suffered and

23   seeks to recover 'actual damages,' 'compensatory damages,' 'lost money or property,' and

24   'restitution,' all of which go beyond a 'bare procedural violation;' and (2) he alleges an

25   informational deprivation under the FCRA that establishes concrete injury in of itself." Opp'n 4,

26   ECF 20.

27      First, Defendant argues that Plaintiff has alleged a concrete injury because he "expressly

28   alleges…he suffered economic injury." Opp'n 5-6. Specifically, Plaintiff alleges that "he suffered

6

United States District Court
Northern District of California

1   'lost money or property' as a result of the purported FCRA and UCL violations and seeks

2   "restitution." Compl. ¶¶ 88, 90, 91, 97. Plaintiff additionally seeks "actual damages" and

3   "compensatory damages," which according to Defendant, constitute "injury-in-fact." Opp'n 5-9.

4   This Court disagrees. Plaintiff merely making boilerplate statements in his complaint that he

5   suffered "actual damages"—when legally, he did not—does not automatically constitute a

6   concrete injury to satisfy Article III standing. "[A]n unexplained reference to "lost money or

7   property," and a request for "restitution" – are insufficient to describe a concrete and

8   particularized harm." *Moore v. United Parcel Serv., Inc.*, No. 18-CV-07600-VC, 2019 WL

9   2172706, at *1 (N.D. Cal. May 13, 2019); *see also Arroyo v. J.R. Simplot Co.*, No. 18-CV-07187-

10   LHK, 2019 WL 2338518, at *3 (N.D. Cal. June 3, 2019) (finding insufficient allegations that

11   "Plaintiff and other class members have been injured, including but not limited to, having their

12   privacy and statutory rights invaded in violation of the FCRA"). As was the case in *Arroyo*,

13   Defendant "is unable to point to any decision in which a court held that conclusory allegations of

14   harm to 'privacy and statutory rights' resulting from a failure to comply with the FCRA's

15   disclosure requirements suffice to allege Article III standing." *Arroyo*, 2019 WL 2338518, at *3.

16   Plaintiff also clarified in his reply that allegations of "lost money or property" and the "prayer for

17   restitution" pertain to the wage and hour claims asserted under the California Labor Code. Reply

18   4. Here, the Court looks only to Plaintiff's federal claim under the FCRA to find Article III

19   standing.

20        Next, Defendant's argument that Plaintiff's "informational injuries" constitutes an injury in

21   fact is misplaced. Defendant relies heavily on *Perez v. Ensign Servs., Inc.*, No. 8:16-CV-1914 JLS

22   JCGX, 2017 WL 8181145, at *2 (C.D. Cal. Jan. 19, 2017), for the proposition that the failure to

23   make the required disclosures under §§ 1681d(a)(1) and 1681g(c) is sufficient to demonstrate a

24   concrete injury. Opp'n 7. However, here, Plaintiff asserts an FCRA violation under §

25   1681b(b)(2)(A). *See* Compl. ¶¶ 32-53. In *Perez*, the Court concluded that "the mere existence of

26   extraneous information in a disclosure made under Section 1681b(b)(2)(A) is insufficient to

27   establish a concrete injury." *Perez*, 2017 WL 8181145, at *2. That same conclusion applies to the

28   present case. Similar to the plaintiff in *Perez*, Plaintiff here identifies the extraneous information

1   by including six paragraphs of text from the disclosure and authorization forms in his complaint.

2   Compl. ¶ 23. Plaintiff claims that by including this extraneous information, Defendant caused his

3   injury. *Id.* ¶ 51. However, Plaintiff does not specifically allege what the injury was in his

4   complaint. The Court finds these allegations insufficient to establish concrete harm.

5           In *Rodriguez v. U.S. Healthworks*, the Ninth Circuit found that the plaintiff "did not suffer

6   informational injury because the record contains no allegation or evidence that she was confused

7   by the disclosure statement and would not have signed it if it were sufficiently clear." *See* 813 F.

8   App'x 315, 316 (9th Cir. 2020); *cf. Syed v. M-I, LLC*, 853 F.3d 492, 499–500 (9th Cir. 2017)

9   (concluding that there was a concrete injury and Article III standing because the plaintiff was

10  confused by the inclusion of the liability waiver with the disclosure and would not have signed it

11  had it contained a sufficiently clear disclosure, as required in the  statute.). Here, Plaintiff noted in

12  his reply that he did not face difficulty in obtaining a summary of his rights because it is a publicly

13  available document found online and did not otherwise suffer a risk of material harm to any

14  concrete interest. Reply 4; *cf. Ramirez v. TransUnion LLC*, 951 F.3d 1008, 1030 (9th Cir. 2020)

15  (finding that Defendant's conduct posed a serious risk that consumers not only would be unaware

16  that labels such as "terrorists, drug dealers, and threats to national security" were on their credit

17  reports, but also would be completely in the dark about how they could get the label off their

18  reports.).

19          In sum, while procedural violations that have resulted in real harm—or even a risk of real

20  harm—may be sufficient to meet the "injury in fact" requirement of Article III, Plaintiff here has

21  alleged no such injury. Instead, the root of Plaintiff's complaint is that the disclosure form did not

22  technically comply with the requirements of the FCRA. This is the kind of bare procedural

23  violation that the Supreme Court described in *Spokeo* as insufficient. Specifically, Plaintiff alleges

24  that when he applied for employment, Defendant performed a background investigation on him—

25  containing a liability waiver and other extraneous information in violation of the FCRA. Compl.

26  ¶¶ 23, 51. Plaintiff does not allege that he was "confused" by the disclosure or that he would not

27  have signed the authorization had it been presented separately from the liability waiver or other

28  extraneous information. *Cf. Syed*, 853 F.3d at 499-500. Plaintiff does not allege that he was

8

United States District Court
Northern District of California

1   unaware that he was authorizing a background check when he was presented with the disclosures.

2   Nor does Plaintiff allege that he was unaware he was releasing liability. Plaintiff does not allege

3   that he was denied employment based on the consumer report that Defendant allegedly procured—

4   in fact, he alleges that he was hired by Defendant. Compl. ¶ 21. Nor does Plaintiff allege that the

5   consumer report was inaccurate. Accordingly, because Plaintiff has not alleged any concrete harm,

6   he lacks Article III standing to assert his FCRA claim in this Court.

7       C.      **State Law Claims**

8           Additionally, Plaintiff asserts eight California state law claims. Compl. ¶¶ 14-28. Since

9   these are state law claims, the Court has subject matter jurisdiction over them only if they are "so

10   related to the claims in the action within [the Court's] original jurisdiction that they form part of

11   the same case or controversy under Article III." 28 U.S.C. § 1367(a). "A state law claim is part of

12   the same case or controversy when it shares a 'common nucleus of operative fact' with the federal

13   claims and the state and federal claims would normally be tried together." *Bahrampour v.*

14   *Lampert*, 356 F.3d 969, 978 (9th Cir. 2004).

15           Here, Defendant did not assert in its removal papers that these claims independently give

16   rise to jurisdiction. *See* Notice of Removal ¶ 5. Moreover, it is not apparent that any of Plaintiff's

17   claims meets the amount in controversy requirement for diversity jurisdiction under 28 U.S.C. §

18   1332(a). Without federal question jurisdiction over Plaintiff's FCRA claim, this Court could not

19   (and in any event would not, in its discretion) exercise supplemental jurisdiction over the state law

20   claims.

21                                                   ***

22           In conclusion, the Court holds that it lacks subject matter jurisdiction to hear this case

23   because Plaintiff's complaint fails to establish Article III standing.

24   //

25   //

26   //

27   //

28   //

9

United States District Court
Northern District of California

1

**IV.    ORDER**

For the foregoing reasons, Plaintiff's Motion to Remand at ECF 19 is GRANTED.  The

Clerk shall remand this action to the Superior Court of California, Santa Clara County

**IT IS SO ORDERED.**

Dated: April 14, 2021

BETH LABSON FREEMAN
United States District Judge

10